UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　v.

HASSAN EMANUEL REEVES,
　　　　　*Defendant-Appellant.*

No. 01-4258

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-98-192-CCB)

Submitted: February 27, 2002

Decided: April 1, 2002

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Alan C. Drew, HOULON & BERMAN, L.L.C., New Carrollton, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Hassan Emanuel Reeves was found guilty of conspiracy to possess
with intent to distribute heroin, cocaine, and cocaine base (Count 1)
and for possession with intent to distribute cocaine base (Count 5).
This court affirmed Reeves' convictions on direct appeal but vacated
and remanded Reeves' 151-month sentence for Count 1 in light of
*United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *vacated on
other grounds*, 218 F.3d 310 (4th Cir. 2000) (en banc). On remand,
the district court lowered Reeves' sentence to 121 months of impris-
onment. In the instant appeal, Reeves' attorney has filed a brief under
*Anders v. California*, 386 U.S. 738 (1967). Counsel states that there
are no meritorious grounds for appeal but raises the following issue:
whether Reeves' 121-month sentence is invalid in light of *Apprendi
v. New Jersey*, 530 U.S. 466 (2000). For the reasons that follow, we
affirm.

Because Reeves' sentence for the conspiracy count is below the
statutory maximum under 21 U.S.C.A. § 841(b)(1)(C) (West 1999 &
Supp. 2001), he has not been prejudiced under *Apprendi*. *United
States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*,
532 U.S. 939 (2001). Also, as noted by the Government, there is no
*Rhynes* error. Finally, we find no merit to the issues raised in Reeves'
pro se supplemental brief and deny his motion to dismiss his counsel.

We have examined the entire record* in this case in accordance
with the requirements of *Anders*, and find no meritorious issues for
appeal. Accordingly, we affirm. This court requires that counsel
inform his client, in writing, of his right to petition the Supreme Court
of the United States for further review. If the client requests that a

---

*Because this case is back before the court after remand, our scope of
review is limited.

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny Reeves' motions to dismiss his attorney, for judicial review, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*